# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA M. EGGLESTON, | |
| Plaintiff, | CIVIL ACTION NO. 3:08:-CV-01881 |
| v. | (JUDGE CAPUTO) |
| HONORABLE JUDGE CARLON O'MALLEY, | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Linda M. Eggleston's Complaint (Doc. 1) and accompanying Motion For Leave to Proceed *In Forma Pauperis* (Doc. 2). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.)

Plaintiff, filing *pro se*, does not allege a jurisdictional basis in her Complaint. The Plaintiff does, however, allege that Defendant Judge Carlon O'Malley violated her rights as a disabled individual that are protected by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*. Thus, while applying the liberal pleading standards afforded *pro se* litigants under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court reads Plaintiff's Complaint to invoke this Court's "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff, however, seeks to advance a claim for damages against a Defendant who is absolutely immune from suit. The United States Supreme Court has held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1872). "[T]he necessary

inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Bradley*, 80 U.S. at 351).

The Court finds that there was no such clear absence of jurisdiction in the present case. Plaintiff appeared in Defendant Judge O'Malley's court in a case to determine custody of Plaintiff's children. While Plaintiff Eggleston has alleged that the Defendant improperly denied her requests for accommodations of her hearing disability, at no time has the Plaintiff alleged that the Defendant Judge lacked jurisdiction over the custody dispute in his court or that his purported denial of accommodations was made in any capacity other than his role as a judge in the Lackawanna County Court of Common Pleas. Accordingly, this Court finds that Defendant Judge Carlon O'Malley is entitled to absolute immunity from the claims presented in Plaintiff's Complaint.

The Court further notes that Plaintiff asks this Court to remove the Defendant Judge from her custody action pending in the Lackawanna County Court of Common Pleas. The United States Supreme Court, however, has established that federal courts cannot interfere with state proceedings under the so-called "*Younger* abstention" and "*Rooker-Feldman*" doctrines. *See Younger v. Harris*, 401 U.S. 37 (1971) (establishing that federal courts may not interject into state criminal proceedings); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)

(applying *Younger* abstention to state civil proceedings); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 419 (1923) (holding that federal courts do not have jurisdiction to modify state court judgments); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986) (concluding that a federal court has no authority to review judgments of a state court in judicial proceedings).  Accordingly, Plaintiff requests in her Complaint that this Court grant her relief which the Court does not have jurisdiction to grant.

**NOW,** this 20th day of October, 2008, upon review of the Plaintiff's Complaint, **IT IS HEREBY ORDERED THAT** this action is **DISMISSED**.


                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge